**UNITED STATES of America, Appellee,**

v.

**Richard J. CLOUGHLEY, Appellant.**

**No. 88–2526.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1989.

Decided Feb. 7, 1990.

Rehearing Denied March 13, 1990.

**92**

F.A. White, Kansas City, Mo., for appellant.

Linda L. Sybrant, Kansas City, Mo., for appellee.

Before ARNOLD, and MAGILL, Circuit Judges, and PECK,* Senior Circuit Judge.

MAGILL, Circuit Judge.

Appellant Richard J. Cloughley pleaded guilty in the district court[1] to one count in violation of 21 U.S.C. § 846 (conspiracy to distribute cocaine). Cloughley then filed a motion petitioning the court not to sentence him under the guidelines promulgated by the United States Sentencing Commission[2] because he had cooperated with the government by providing substantial information

*THE HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

2. The Commission is a body created under the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* (1982 ed., Supp. IV), and 28 U.S.C. §§ 991–998 (1982 ed., Supp. IV).

3. Section 5K1.1 of the Sentencing Guidelines provides as follows:

§ 5K1.1. *Substantial Assistance to Authorities* (Policy Statement)

Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investiga-

regarding the activities of other criminals. The court denied Cloughley's request and sentenced him pursuant to the Sentencing Guidelines. On appeal, Cloughley asserts that the district court erred because (1) the Sentencing Guidelines are unconstitutional and (2) regardless of their constitutionality, his effort to assist the government was sufficient to justify a departure from the guidelines. We affirm.

I.

On April 1, 1988, agents of the Drug Enforcement Administration (DEA) arrested a drug dealer in possession of four ounces of cocaine near the Kansas City International Airport. The captured dealer agreed to cooperate with the DEA. When he indicated that he had received the cocaine from Richard J. Cloughley, DEA agents directed him to schedule another transaction with Cloughley. The dealer did so, and Cloughley was arrested and charged with distribution of cocaine. On April 18, 1988, Cloughley was indicted for conspiring to distribute cocaine. He pleaded guilty to the conspiracy count two months later, pursuant to a written plea bargain agreement. The agreement provided that the distribution count would be dismissed at the time of sentencing. It also contained the following provision:

Defendant has been cooperating and agrees to continue to cooperate with the United States. If "substantial assistance" as defined by § 5K1.1[3] is provided

tion or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following conduct:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

by defendant, the United States will petition the Court to depart and sentence below the range of incarceration otherwise required by the Guidelines.

The government concluded that Cloughley's efforts to cooperate did not satisfy § 5K1.1, so it did not recommend a departure from the guidelines.

At Cloughley's sentencing hearing, which took place both in open court and *in camera*, he filed a motion petitioning the court to depart from the guidelines because he had attempted in good faith to provide the substantial assistance required by § 5K1.1. Cloughley also asserted that he had risked his safety and that of his family by supplying the government with the following information:

(1) his supplier's first name, ethnic background, and possible place of residence;

(2) the clientele and location of a "dope house";

(3) the alleged address of a fugitive residing in San Diego, California; and

(4) the identities of two small-time drug peddlers.

A DEA agent stated that although Cloughley did cooperate, no prosecutions of other alleged criminals were pursued as a result of the information he provided. The district court declined to depart from the Sentencing Guidelines and sentenced him to thirty months in prison pursuant to the Sentencing Guidelines. Cloughley then filed this appeal.

## II.

Cloughley's first assertion challenging his sentence is an attack on the constitutionality of the Sentencing Guidelines. He argues that by impermissibly "commingling" functions of the Judicial, Legislative and Executive Branches, the guidelines violate the principles of (1) separation of powers and (2) nondelegation of excessive legislative powers.

These contentions have been rendered moot: the question of the constitutionality of the Sentencing Guidelines was recently answered by United States Supreme Court in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).[4]

The *Mistretta* Court held that although the Sentencing Guidelines are "an unusual hybrid in structure and authority," they are constitutional, amounting to neither excessive delegation of legislative power nor a violation of the separation of powers principle. *Id.* 109 S.Ct. at 675. The Court concluded that despite the apparent commingling of the functions of the three branches inherent in the creation of the Guidelines:

The Constitution's structural protections do not prohibit Congress from delegating to an expert body located within the Judicial Branch the intricate task of formulating sentencing guidelines consistent with such significant statutory direction as is present here. Nor does our system of checked and balanced authority prohibit Congress from calling upon the accumulated wisdom and experience of the Judicial Branch in creating policy on a matter uniquely within the ken of judges. Accordingly, we hold the Act is constitutional.

*Id.* In light of *Mistretta*, the district court clearly did not err in applying the guidelines when it sentenced Cloughley.

## III.

Second, Cloughley contends that the district court erred in sentencing him pursuant to the Sentencing Guidelines because he made a good faith effort to provide the substantial assistance required by § 5K1.1 of the guidelines. The government counters that Cloughley did not supply substantial assistance.

In *United States v. Evidente*, 894 F.2d 1000 (8th Cir.1990), this court held that we are not "empowered under 18 U.S.C. § 3742, or any other statute, to review a sentencing court's exercise of its discretion to refrain from departing either upward or downward from the range established by

---

(5) the timeliness of the defendant's assistance.

4. The *Mistretta* opinion was issued after this appeal was filed.

the applicable guideline." *Id.* at 1004. Therefore, the district court's refusal to depart from the guidelines pursuant to § 5K1.1 is nonreviewable.

For the reasons stated herein, we affirm.