978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Joseph L. ULRICH, Jr., Appellant.
 No. 92-1403.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1992.
Filed: October 27, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph L. Ulrich, Jr., appeals his sentence of sixty-three months imposed by the district court[1] after he pleaded guilty to a drug offense. We affirm.
 
 
 2
 A federal grand jury charged Ulrich with conspiring to distribute more than 100 kilograms of marijuana from about March 1991 until May 1, 1991, in violation of 21 U.S.C. §§ 841(a)(1), 846. Ulrich agreed to plead guilty and to cooperate with investigating agents. The government agreed to move for a downward departure for a sentence of no more than two years if Ulrich cooperated.
 
 
 3
 Ulrich pleaded guilty and remained free on bond pending sentencing. The presentence report (PSR) set the base offense level at 26 under U.S.S.G. § 2D1.1(c)(9), and subtracted two levels for acceptance of responsibility. The total offense level of 24 and Ulrich's criminal history category of I produced a sentencing range of 51-63 months. The mandatory sentence for the offense, by statute, was five years, 21 U.S.C. § 841(b)(1)(B), thus narrowing the range to 60-63 months. After the PSR was prepared, the government advised the probation officer that an undercover investigation revealed that Ulrich distributed cocaine and marijuana after he pleaded guilty. The government nonetheless moved the court to depart downward to two years imprisonment,[2] indicating that it felt obligated to do so because Ulrich's cooperation had resulted in a codefendant's guilty plea. The government also stated it would offer evidence at sentencing that Ulrich had engaged in criminal activity after pleading guilty.
 
 
 4
 After hearing the evidence at the sentencing hearing, the district court concluded that the government had proven by a preponderance of the evidence that Ulrich was involved in the alleged criminal conduct. The court noted that it had complete discretion in ruling on the government's departure motion. It then concluded that Ulrich was not entitled to an acceptance-of-responsibility reduction, because he had distributed drugs after his guilty plea. The court sentenced Ulrich to sixty-three months imprisonment, confirming to defense counsel that it had denied the government's departure motion.
 
 
 5
 On appeal Ulrich argues that the district court abused its discretion in denying the government's departure motion, because it based its decision only on the allegations of Ulrich's post-plea conduct and ignored his substantial assistance to the government and the criteria set forth in U.S.S.G. § 5K1.1(a)(1)-(5), p.s. He argues that the court thus based its decision on improper factors, citing application note 2 to section 5K1.1 (sentencing reduction for assisting authorities shall be considered independently of any reduction for acceptance of responsibility).
 
 
 6
 Upon our review of the record, we conclude that the district court was aware of its authority to depart and exercised its discretion not to do so. The court's refusal to depart from the Guidelines under section 5K1.1 is nonreviewable. United States v. Dobynes, 905 F.2d 1192, 1197 (8th Cir.), cert. denied, 111 S. Ct. 206 (1990); United States v. Cloughley, 901 F.2d 91, 94 (8th Cir. 1990).
 
 
 7
 We note that the court is obligated to state explicitly its reasons only where it grants a departure. See U.S.S.G. § 5K1.1(a)(1)-(5), p.s. Application note 2 to section 5K1.1 requires independent consideration of the sentencing reductions for assistance to authority and for acceptance of responsibility. Our review of the record persuades us that each was independently considered here.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 The government's motion specifically referred only to Guideline Section 5K1.1. This would have authorized departure only below the guidelines, but not under the mandatory minimum. See United States v. Rodriguez-Morales, 958 F.2d 1441, 1447 (8th Cir. 1992), petition for cert. filed, 61 U.S.L.W. 3083 (U.S. July 27, 1992) (No. 92-171). Thus, the district court could have departed downward to 60 months, not the two years referred to in the government's motion. Ulrich is not prejudiced, however, as the court's refusal to depart downward by three months makes it evident that the court would not have departed downward to two years