**UNITED STATES of America, Appellee,**

v.

**Bendle CHADWICK, Appellant.**

**No. 94–2797.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1995.

Decided Jan. 18, 1995.

---

1. Rhodes was apparently hiding because he was accused of murder and has since been convicted.

Barry Bryant, Texarkana, TX, for appellant.

Michael D. Johnson, Little Rock, AR, for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

Bendle Chadwick appeals from his conviction of manufacturing marijuana and conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, claiming that the videotape evidence of himself and his father-in-law at the marijuana patch in question merely establishes his presence at the scene and is thus insufficient to support a conviction on either of the drug counts. He also contends that the district court [1] erred in applying a two-level sentence enhancement for obstruction of justice. We affirm.

The facts surrounding Chadwick's arrest are more fully reported in conjunction with our earlier reversal of the district court's suppression of Chadwick's confession. *United States v. Chadwick*, 999 F.2d 1282 (8th Cir.1993). Following a two-day trial in October 1993, Chadwick was found guilty on both counts alleged in the indictment against him. The district court sentenced Chadwick to 51 months in prison and three years of supervised release.

Forest Service officers and members of the local Sheriff's department placed video surveillance equipment in a newly discovered marijuana patch on Forest Service land in early April 1992. On a subsequent trip to the patch on April 23, 1992, the officers observed that some of the plants had been transplanted and other foliage had been removed to allow sunlight to reach the marijuana plants. Insecticide, rat poisoning, and mothballs had also been placed in the patch to protect the plants.

Videotape evidence recovered from the surveillance equipment and introduced at trial shows Chadwick in the patch on April 21, 1992, with a box of D–Con rat poison. It also shows him breaking away a sapling that was covering the plants and his father-in-law moving from the area of the original plants to where some of the plants were transplanted.

---

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Judge for the Eastern District of Arkansas.

The evidence at trial also included the testimony of an officer who had observed the condition of the marijuana patches before and after Chadwick's visit, as well as Chadwick's signed confession. In that confession, Chadwick's disavowal of which at trial apparently was disregarded by the jury, Chadwick admitted to transplanting and cultivating the marijuana on April 21, 1992. *See Chadwick,* 999 F.2d at 1284. Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could convict Chadwick of growing and conspiring to grow marijuana. *See United States v. Ivey,* 915 F.2d 380, 383–84 (8th Cir.1990).

At the suppression hearing, Chadwick denied making the statements found in his signed confession. Chadwick admitted reading a waiver of rights form before signing it, but claimed not to have read his own confession before he signed it. Chadwick's testimony at the suppression hearing that he had not made the confession directly contradicts the district court's finding that Chadwick knew what was in the confession when he signed it. A defendant is subject to an obstruction enhancement under U.S.S.G. § 3C1.1 if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake. *United States v. Dunnigan,* —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Such an enhancement is warranted if the perjury occurs at a suppression hearing. *United States v. Gleason,* 25 F.3d 605, 608 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 283, 130 L.Ed.2d 199 (1994); *see* U.S.S.G. § 3C1.1, comment. (n. 3(b)). We find no clear error in the district court's finding that Chadwick committed perjury at the suppression hearing. *See Gleason,* 25 F.3d at 608.

The judgment is affirmed.