_____

No. 96-2261
_____

United States of America,    *
                                *
        Appellee,         *
                                *  Appeal from the United States
   v.                        *  District Court for the
                                *  Western District of Missouri.
Ronald August Lank, also known   *
as Paul Robert Sass, also      *
known as Kevin Mannell,        *
                                *
        Appellant.       *

_____

Submitted: November 19, 1996

Filed: March 11, 1997
_____

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS
    SHEPPARD ARNOLD, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


Ronald A. Lank appeals from a judgment of the district court[1] entered upon a jury verdict finding him guilty of armed bank robbery and interstate transportation of a stolen vehicle in violation of 18 U.S.C. §§ 2113, 2312. We affirm.

On January 18, 1995, Lank robbed a bank in Texas. He was apprehended later that day after officers on horseback found him in a wooded area. After he was arrested, he signed Miranda[2] waivers and confessed not only to the Texas robbery, but also admitted that

_____

[1]The Honorable Scott O. Wright, United States Senior District Judge for the Western District of Missouri.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

on January 9, 1995, he robbed the Central Bank in Holts Summit, Missouri and on January 7, 1995, in Tennessee stole a car, which he used in the Missouri robbery.

Although Lank pleaded guilty to the Texas robbery, he pleaded not guilty to the Central Bank robbery and transportation charges. Before trial on the charges, Lank moved to suppress the statements he made following his Texas arrest. He also moved to suppress the pre-trial identifications of three Central Bank employees. Following a suppression hearing, the district court denied the motions, and the statements and identifications were introduced at trial. In addition, at trial the three employees identified Lank as the robber.

Based on a total offense level of 27 and a criminal history category of VI, the presentence report recommended a sentencing range of 130 to 162 months. The district court, imposing an obstruction of justice enhancement under U.S.S.G. § 3C1.1 and granting the government's motion for an upward departure under U.S.S.G § 4A1.3, sentenced Lank to 210 months imprisonment on the robbery conviction and a concurrent 120 months on the unlawful transportation conviction, to be served consecutively to a 105- month sentence imposed for the Texas bank robbery.

On appeal Lank first argues that the district court erred in failing to grant his pretrial motion to suppress the statements. His argument is without merit. Although at the suppression hearing Lank testified that he gave the statements only because he had been beaten, dragged behind a horse, and threatened, the district court rejected his testimony, finding it was incredible. We do not disturb this credibility finding. Not only did the district court note that Lank's testimony conflicted with the suppression hearing testimony of four law enforcement officers, but also that it conflicted with Lank's statements under oath at his Texas guilty plea hearing.

Lank also argues that the district court erred in failing to grant his motion to suppress the identifications of the three Central Bank employees. He asserts that pretrial displays of his photograph were unduly suggestive and tainted the in-court identifications. We disagree. Even assuming that the pretrial displays were unduly suggestive, as the district court found, in the totality of the circumstances, the displays did not create a "'very substantial likelihood of irreparable misidentification.'" United States v. Patterson, 20 F.3d 801, 806 (8th Cir.) (quoting Manson v. Brathwaite, 432 U.S. 98, 116 (1977)), cert. denied, 115 S. Ct. 137 (1994). Jennifer Morff, a teller who waited on Lank, testified that she was with him for about ten minutes and was so close that she could have "reached out and touched him." Shortly after the robbery, Morff, who had training in identifying bank robbers, gave police officers a detailed description and assisted in a composite drawing. When the police came to her home later that evening with photos of Lank, Morff was "absolutely positive" of her identification of Lank. Paula Walker, another teller who assisted in waiting on Lank and had "a good look" at him, also gave responding officers a detailed description of Lank. When Walker was shown photos of Lank three days later, she was "one hundred percent" certain the person in the photos was the person who robbed the bank. Linda Jansen, who had training in identifying bank robbers, testified that when she saw photos of Lank the night of the robbery she was "absolutely sure" he was the robber. In this case, "in light of the witnesses' opportunities to observe [Lank], their attentiveness at the time, the accuracy of the original descriptions, the level of certainty demonstrated in their identifications, and the relatively short period[s] of time between when they observed [Lank] and when they identified [his] picture[s]," the displays "did not create a very substantial likelihood of irreparable misidentification." Id. at 807.

Lank also challenges his sentence. He first argues that the

district court erred in imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on the court's finding that Lank had committed perjury at the suppression hearing. "A defendant is subject to an obstruction of justice enhancement under U.S.S.G. § 3C1.1 if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." United States v. Chadwick, 44 F.3d 713, 715 (8th Cir. 1995) (per curiam). "Such an enhancement is warranted if the perjury occurs at a suppression hearing." Id. "We reverse a district court's factual findings in support of a section 3C1.1 enhancement only if they are clearly erroneous." United States v. Gleason, 25 F.3d 605, 608 (8th Cir.), cert. denied, 115 S. Ct. 283 (1994). In this case, the district court did not err. As previously noted, not only did Lank's suppression hearing testimony conflict with that of four law enforcement officers, it also conflicted with his statements under oath at his guilty plea hearing in Texas. In response to the plea court's inquiry whether there was anything to suggest that his "right to not be forced to make an involuntary statement" had been violated, Lank responded, "No, your honor."

Lank also argues that the district court abused its discretion in granting the government's motion to depart upward under U.S.S.G. § 4A1.3, which provides for an upward departure "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." The district court did not abuse its discretion. Among other things, the court noted that Lank's criminal history score of 19 was "well above the 13-point threshold for Category VI," the highest criminal history category. See United States v. Nomeland, 7 F.3d 744, 747 (8th Cir. 1993). The court also noted that Lank's offenses, which ranged from forgery to armed bank robbery, had increased in seriousness and that Lank had used drugs while in custody awaiting trial. In sum, the district court concluded that

-4-

there was "no way" that Lank would ever "straighten out."  In these circumstances, "the court did not err in determining that an unrepentant, incorrigible recidivist, who poses a significant threat to the safety of the community, should have a sentence imposed which is more severe than that described by the sentencing guidelines."  United States v. Saffeels, 39 F.3d 833, 839 (8th Cir. 1994) (internal quotation omitted); see also United States v. Poe, 96 F.3d 333, 334 (8th Cir. 1996) (§ 4A1.3 departure warranted because of appellant's "pattern of continually criminal behavior") (internal quotation omitted).[3]

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]On appeal Lank does not contest the reasonableness of the extent of the departure, see Saffeels, 39 F.3d at 838, and we therefore do not address it.

-5-