# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3577

_____

Ronald August Lank, Jr.,             *
                                                *

                    Appellant,          *

                                                *   Appeal from the United States
      v.                                 *   District Court for the
                                                  *   Western District of Missouri

United States of America,         *

                                                *      [UNPUBLISHED]
                   Appellee.           *

_____

Submitted:   March 5, 1999

Filed:   May 5, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Ronald August Lank, Jr., appeals from the final judgment entered in the District Court[1] for the Western District of Missouri, denying his 28 U.S.C. § 2255 motion to vacate his sentence. After a jury found Lank guilty of armed bank robbery and interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. §§ 2113 and 2312, the district court sentenced him to a total of 210 months imprisonment. We

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

affirmed Lank's convictions and sentence. See United States v. Lank, 108 F.3d 860 (8th Cir. 1997). In the § 2255 motion at issue here, Lank claimed the district court violated his right to allocution, the presentence report (PSR) contained a prejudicial factual inaccuracy, and his counsel was ineffective for failing to raise these issues at sentencing and on direct appeal. For reversal, Lank argues the district court erroneously denied his motion. For the reasons discussed below, we affirm.

Upon de novo review, see United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995), we conclude the district court properly denied § 2255 relief. Our review of the sentencing transcript persuades us that the district court sufficiently complied with Fed. R. Crim. P. 32(c)(3)(C) by asking, before it imposed sentence, "Mr. Lank, do you have anything you'd like to add?" See Fed. R. Crim. P. 32(c)(3)(C) (before imposing sentence, district court must address defendant personally and determine whether he wishes to make statement and present mitigating information). Our review of the record also persuades us that the district court sufficiently complied with Fed. R. Crim. P. 32(c)(1) by finding the PSR's version of the contested matter to be correct after considering additional evidence that had been presented at sentencing. See Fed. R. Crim. P. 32(c)(1) (district court must make specific finding as to each contested matter or determination that finding is not necessary because matter will not be taken into account at sentencing). Because the foregoing claims are without merit, we agree with the district court that Lank's related ineffective-assistance claim also fails. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994).

Last, we decline to address Lank's argument, which was never raised in the district court, that his counsel was ineffective for failing to argue that the government did not prove an element of the armed-robbery offense.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.