# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2776

_____

United States of America,                     *
                                              *
            Plaintiff-Appellee,               *
                                              *     Appeal from the United States
      v.                                      *     District Court for the
                                              *     Eastern District of Missouri.
Bon Levi, also known as Bond Levy,            *
also known as Ronald Frederick,               *
                                              *
            Defendant-Appellant.              *


_____

Submitted:  September 14, 2000

Filed:  October 4, 2000

_____

Before WOLLMAN, Chief Judge, MURPHY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

After Bon Levi pled guilty to mail fraud, wire fraud, and conspiracy to commit mail and wire fraud, he was sentenced to thirty-seven months.   The district court[1] departed  upward on the grounds that his criminal history category did not adequately reflect his prior record or potential for recidivism.  Levi contends on appeal that the

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

departure and sentence were unreasonable and that the district court did not sufficiently detail its reasons. We affirm.

Levi was involved in selling fraudulent business licenses. These licenses, which cost between $30,000 and $68,000, purported to give their holders a right to a warehouse or delivery route for disposable camera sales. An indictment alleged that Levi knowingly made false representations that the license fee would be used to develop personal delivery routes, that there was sufficient capital to run the business, and that the licensees would receive a weekly income in exchange for their services. The indictment also alleged that Levi had lied about the financial stability and nature of the business and that he had used interstate and foreign wire facilities to carry out his fraudulent scheme.

The parties entered into a plea agreement which was not binding on the court. In it Levi's total offense level was assessed at fifteen and his criminal history at Category I, with a guidelines range of eighteen to twenty-four months. Under the guidelines, his fourteen prior Australian convictions were not included in the criminal history calculation, but the presentence report indicated that they could constitute a basis for an upward departure.[2] U.S. Sentencing Guidelines Manual §4A1.2(h) (1998).

At the sentencing hearing, the court observed that Levi had Australian convictions for various fraud offenses, stealing, drunk driving, reckless driving, false pretenses, resisting arrest, and assault which could be a basis for departure. Defense counsel suggested that any upward departure should be slight, that one conviction was actually a civil offense, and that it was unclear from the Australian records whether

---

[2]Section 4A1.2(h) precludes foreign convictions from being used in calculating a defendant's criminal history. U.S.S.G. §4A1.2(h). A court may consider such convictions when determining whether an upward departure is appropriate, however. U.S.S.G. §4A1.3.

Levi had served any time on one conviction. The court found that a criminal history category of I did not adequately reflect either the seriousness of Levi's past criminal conduct or his likelihood of recidivism, and that the nature and number of previous convictions indicated that Levi would likely continue to engage in criminal behavior. Levi could have been assessed seven points if his three most recent Australian convictions had been counted in the original criminal history calculation which would have placed him in Category IV with a range of thirty to thirty-seven months. The court decided to depart upwards and sentenced Levi to thirty-seven months.

We review a decision to depart from the sentencing guidelines for abuse of discretion. Koon v. United States, 518 U.S. 81, 99-100 (1996). A sentencing court may depart upward if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. §4A1.3. Levi maintains that the court abused its discretion by sentencing him as if he had a criminal history category of IV, that it did not sufficiently articulate its reasons for departure, that his prior foreign convictions were separated in time and type from the instant offenses, and that the Australian criminal records were vague.

The district court did not abuse its discretion in sentencing Levi as if he were in Category IV. It sufficiently explained why Category I did not adequately represent his criminal history or his likelihood to recidivate, and the court was not required to compare Levi explicitly to other offenders in that category before departing upward. See United States v. Collins, 104 F.3d 143, 145 (8th Cir. 1997). "Neither the text of §4A1.3 nor our precedents require a 'ritualistic exercise in which [the sentencing court] mechanically discusses each criminal history category it rejects en route to the category that it selects.'" United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993) (citing United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc)). The court articulated its reasons for placing Levi in Category IV, stating which of Levi's prior convictions

were being considered and why, as well as how many criminal history points each conviction was assessed.

The district court did not err in considering Levi's entire foreign criminal record. Even offenses which are minor and dissimilar to the offense of conviction may be considered as evidence of a risk of recidivism if they evince a defendant's "obvious incorrigibility." United States v. Herr, 202 F.3d 1014, 1016 (8th Cir. 2000) (upholding upward departure on basis of numerous juvenile adjudications and minor adult convictions, including traffic offenses). Levi has an extensive criminal history spanning over three decades. He also has several convictions for fraudulent offenses similar to the crimes at issue here. These "repeated violations show [Levi's] disrespect for the law and that leniency has not been effective." Herr, 202 F.3d at 1017.

Finally, Levi contends that the court erred because it inaccurately calculated how many points he would have been assessed if his three most recent Australian convictions had been computed in his initial criminal history calculation. A sentencing court's "determinations with respect to the offenses in a criminal history computation are factual determinations and are subject to a 'clearly erroneous' standard of review." United States v. Covington, 133 F.3d 639, 642 (8th Cir. 1998). Here, the district court did not err in finding that Levi had served two years for his issuing or offering conviction in 1990. Although Levi stated at the hearing that he "[didn't] believe" that he had served any prison time for this conviction, the court could discount this assertion based upon its credibility assessment and Levi's history of fraudulent conduct.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.