# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2447

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Gabino Garduno-Bustos, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: December 11, 2001

Filed: March 14, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Gabino Garduno-Bustos (Garduno-Bustos) appeals the district court's[1] decision to depart upward from his sentencing guidelines range. Garduno-Bustos argues the district court abused its discretion because it did not express the factual findings and

---

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

legal analysis required for a departure above a category VI criminal history. We affirm the sentence of the district court.

Garduno-Bustos is a Mexican citizen born on December 9, 1967, and is neither a citizen nor a national of the United States. Garduno-Bustos pled guilty to reentering the United States illegally after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1), after he was found in Taney County, Missouri, on April 5, 2000. He had entered the United States in approximately July of 1996, by jumping a border fence near El Paso, Texas. In sentencing Garduno-Bustos, the district court found his total offense level was 10, his criminal history category was VI, and the sentencing range was therefore 24 to 30 months. The district court departed upward to 48 months based upon Garduno-Bustos's criminal history and risk of recidivism under U.S.S.G. § 4A1.3.

We review the district court's decision to depart upward from the guidelines range for an abuse of discretion. United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000). Section 4A1.3 of the sentencing guidelines permits a sentencing court to depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." In determining whether a departure above criminal history category VI is warranted, "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." Id. At the time of both Garduno-Busto's conviction and sentencing, Application Note 3 to U.S.S.G. § 2L1.2 recommended "[i]n the case of a defendant with repeated prior instances of deportation, an upward departure may be warranted."[2]

---

[2]This application note was omitted from the amended version of § 2L1.2 which went into effect on November 1, 2001.

Before his 1996 border crossing, Garduno-Bustos had illegally entered the United States multiple times and was repeatedly returned to Mexico. Immigration and Naturalization Services records show that Garduno-Bustos "was voluntarily returned" to Mexico in March 1990, August 1990, and October 1991. Garduno-Bustos was arrested and deported in May 1992, September 1992, and November 1994. Garduno-Bustos has never applied for lawful admission into the United States. In 1993, he was convicted in the United States District Court for the Western District of Texas under 8 U.S.C. § 1326 for being illegally found in the United States. The district court in Texas departed upward and sentenced Garduno-Bustos to two years for that offense. In the present case, the computation of Garduno-Bustos's criminal history category under the guidelines only takes into account his two most recent illegal entries into the United States and not the earlier four.

In addition to his 1993 conviction, Garduno-Bustos has sustained eighteen other criminal convictions and multiple other arrests while in the United States, many related to intoxication. At least three of those convictions involved violence directed at a woman. Garduno-Bustos did not receive criminal history points for three of those convictions here because they were covered by U.S.S.G. § 4A1.1(c) which limits the number of points to four that may be counted.

In deciding to depart upward, the district court reasoned that Garduno-Bustos's criminal history was not adequately reflected in a criminal history category of VI and furthermore that "his prospects of recidivism are high." The district court specifically based its decision to depart upward on the fact that this arrest was a "repeat offense" and criminal history category VI "does not sufficiently represent the chance of recidivism by this defendant." The district court further based its decision to depart upward on the fact that Garduno-Bustos's criminal history category did not fully take into account the nature and number of offenses he committed while in the United States. The district court informed the defendant at sentencing, "it would be one thing if you are just here illegally, but you commit crime after crime. You are into

felonious assault, you love to beat up women."  The district court's comments at sentencing and the written judgment both explain "the criminal history category even at 6 does not sufficiently represent the chance of recidivism" given Garduno-Bustos's prior deportations, offenses, and assaults upon women.

Garduno-Bustos argues under United States v. Day, 998 F.2d 622, 625 (8th Cir. 1993), the district court was required to engage in a comparison between his criminal history and the criminal histories of offenders in higher categories before reaching the determination that category VI was inadequate.  We do not overlook our conclusion in Day that, "[n]either the text of § 4A1.3 nor our precedents require a 'ritualistic exercise in which [the sentencing court] mechanically discusses each criminal history category it rejects en route to the category that it selects.'" Id. (quoting United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc)); see also Levi, 229 F.3d at 679.  The district court adequately explained why category VI under-represented Garduno-Bustos's criminal history and likelihood of committing further crimes.

Furthermore, in imposing a four-year sentence, the district court reasonably considered that in 1993 the Texas district court sentenced Garduno-Bustos to two years of imprisonment for an identical offense, and upon his release, Garduno-Bustos again committed the same offense.  We find no abuse of discretion in the district court's conclusion that Garduno-Bustos's criminal history, even at a category VI, did not adequately represent the seriousness of his criminal history and his high risk of recidivism.

We thus affirm the sentence of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.