# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1053

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Mario Johnson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 12, 2002

Filed:  December 17, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Mario Johnson pleaded guilty to being a felon in possession of a firearm, in
violation of 18 U.S.C. § 922(g)(1).  The government moved for downward departure,
but the district court[1] departed upward instead, finding that Johnson's criminal history
had been underrepresented.  The court sentenced Johnson to 63 months of
imprisonment and 3 years of supervised release.  On appeal, Johnson argues that the

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for
the Eastern District of Missouri.

district court abused its discretion in departing upward because his criminal history was adequately taken into account, and the government had sought a downward departure based on his substantial assistance.

We conclude that the district court did not abuse its discretion. <u>See</u> <u>United States v. Levi</u>, 229 F.3d 677, 679 (8th Cir. 2000) (standard of review). The court properly considered the number and substance of Johnson's past convictions-- including multiple assault and resisting-arrest convictions, as well as controlled- substance convictions and parole revocations--and found that his record was not improving. In addition, Johnson had 21 criminal history points, which was 8 more than the 13 required for a Category VI criminal history. <u>See</u> U.S.S.G. § 4A1.3, p.s.; <u>United States v. Herr</u>, 202 F.3d 1014, 1017 (8th Cir. 2000); <u>United States v. Lank</u>, 108 F.3d 860, 863 (8th Cir. 1997); <u>United States v. Cook</u>, 972 F.2d 218, 222 (8th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1058 (1993). Finally, we note that the district court's discretionary decision not to grant the substantial-assistance motion is unreviewable, and therefore it is not a basis for challenging the upward-departure decision. <u>See</u> <u>United States v. Cloughley</u>, 901 F.2d 91, 93-94 (8th Cir. 1990).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.