# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3896

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| David William Port, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 10, 2008
Filed: July 11, 2008

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

David William Port pleaded guilty to five counts of causing the interstate or foreign transportation or transmission of funds obtained in a scheme to defraud, violations of 18 U.S.C. §§ 2314 and 2. The underlying scheme involved the attempted sale of approximately $1.5 million in worthless stock. The district court[1] sentenced Port to 44 months' imprisonment and ordered him to pay restitution. We affirm.

At sentencing, Port made no objections to his pre-sentence investigation report. The report referenced to two prior convictions in the United Kingdom. The first of

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

these two convictions was a 1994 felony conviction in Southwark Crown Court for obtaining property by deception. The second conviction was a 2005[2] felony conviction in Guildford Crown Court for obtaining a money transfer by deception. The underlying foreign crimes involved approximately £ 1,000,000.

In calculating Port's criminal history, the district court expressly noted that the United States Sentencing Guidelines do not permit the counting of foreign convictions in the determination of a defendant's criminal history category. See U.S.S.G. § 4A1.2(h). Port's criminal history was Category I. The district court noted, however, that the Guidelines permit the consideration of foreign convictions as one possible basis for finding an understated criminal history and departing upwardly. See id. ("Sentences resulting from foreign convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category)."); see also U.S.S.G. § 4A1.3(a)(2)(A) (stating that sentencing courts may depart upwardly based upon, *inter alia*, "[p]rior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses)").

The district court carefully, clearly, and thoughtfully considered these two Guidelines provisions. It then departed upwardly, finding the appropriate extent of a departure to be one resulting in an advisory Guidelines range commensurate in scope with what a defendant with a Category III criminal history would have received. In formulating this departure, the district court stated, "I am in agreement that a criminal history Category III is something I can fairly use in this case. If anything . . . it is a better argument to be made that [criminal history Category III] is too lenient rather than too harsh."

---

[2]The 2005 conviction occurred after Port's 2003 indictment in this case. Subsequent to Port's indictment, he fled the United States to the United Kingdom. He was extradited back to the United States after the 2005 United Kingdom conviction.

Port appeals only the upward departure, arguing that the district court improperly based its criminal history computation on foreign convictions as prohibited by U.S.S.G. § 4A1.2(h). The record simply does not support his argument. The district court identified the allowable and impermissible uses of foreign convictions. It then properly used the uncontested fact of the foreign convictions as part of the qualitative analysis of whether the actual criminal history computation accurately represented Port's risk of recidivism. See U.S.S.G. § 4A1.3(a)(4)(A) ("[T]he court shall determine the extent of a departure under this subsection by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's."). Port's foreign convictions demonstrate a clear risk of recidivism given the close relationship between his present offense and his prior offenses and given Port's failure to cease participation in fraudulent enterprises even after his incarcerations for similar offenses. The district court did not abuse its discretion in taking these offenses into consideration as rationales for the upward departure. See United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000) (standard of review).

To the extent Port challenges the district court's departure as a "jump" to criminal history Category III without an explicit discussion of whether a departure based on Category II would suffice, his argument is without merit. The district court made clear that it felt Category III itself might be under-representative as to Port. Further, we have previously held that such a discussion is not always required. See id. (disavowing the need for "a ritualistic exercise in which the sentencing court mechanically discusses each criminal history category it rejects en route to the category that it selects" (internal quotations and brackets omitted)).

We affirm the judgment of the district court.

_____